**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENHAO GU,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　　Respondent. | No. 10-71132<br><br>Agency No. A088-101-255<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:　WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

　　Wenhao Gu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").　We have

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

In his proceedings before the IJ, Gu testified that, due to his participation in an underground Christian church, he lost his job in March 2006; the police arrested him on June 16, 2006, detained him for 15 days, physically mistreated him, and told him not to continue participating in underground church activities or he would face more severe punishment; and the neighborhood watch visited him regularly after his release. Gu also testified that the neighborhood watch continued to inquire about his whereabouts after he came to the United States. Gu's interview with an asylum officer took place on February 1, 2007. At the conclusion of the merits hearing, the IJ found Gu's account credible.

Substantial evidence supports the agency's denial of CAT relief because Gu failed to establish it is more likely than not that he will be tortured if returned to China. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

However, in light of the IJ's finding that Gu was credible, the record does not support the agency's determination that his asylum application was untimely. *See Khunaverdiants v. Mukasey*, 548 F.3d 760, 766-67 (9th Cir. 2008) (agency erred in finding application untimely where IJ credited petitioner's testimony about

experiences in Iran that occurred less than one year before he filed his asylum application).

Further, the record compels the conclusion that the mistreatment Gu suffered due to his participation in an underground Christian church rose to the level of persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (totality of circumstances compelled finding of persecution where petitioner was physically harmed, detained for a day and a half, and coerced into signing document saying he would no longer believe in Christianity). Because Gu suffered past persecution, he is entitled to a presumption of future fear. *See* 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(1). The agency did not reach the question of whether this presumption was rebutted. Accordingly, we grant the petition as to Gu's asylum and withholding of removal claims and remand for the agency to apply the presumption of future fear in its analysis of these claims. *See Guo*, 361 F.3d at 1204; *INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**